UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| ROBERT K. LUSK JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:22–CV–59 |
| REGIONS BANK SUCCESSOR BY MERGER WITH AMSOUTH BANK and PADGETT LAW GROUP, SUBSTITUTE TRUSTEE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Status Report [Doc. 29]. For the reasons stated below, this action is **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On June 1, 2023, the Court ordered Plaintiff to initiate arbitration on or before August 28, 2023. [Doc. 28, at 1]. The Court expressly put Plaintiff on notice that "failure to do so [would] result in dismissal of this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41." [*Id.* at 1–2]. On August 28, 2023, Defendant Regions Bank Successor by Merger to AmSouth Bank ("Defendant Regions") provided a status report to the Court. [Doc. 29]. Defendant Regions represented that Plaintiff Robert K. Lusk, Jr. ("Plaintiff") had not joined in the status report despite "prior outreach." [*Id.* at 1]. The status report stated that as of the filing of the status report, Plaintiff had not initiated arbitration and had not provided any information as to when arbitration could be expected. [*Id.* at 2]. In support of this representation, Defendant Regions attached a series of emails sent between counsel for Plaintiff and Defendant Regions. [*See* Doc. 29-1]. Counsel for Defendant Regions reached out to counsel for Plaintiff with respect to whether

1

arbitration would be scheduled on March 4, 2023, March 15, 2023, March 30, 2023, April 18, 2023, and August 16, 2023. [*Id.*]. Despite Defendant Regions' outreach, Plaintiff did not initiate arbitration by the Court-ordered deadline. On August 29, 2023, one day after filing of the status report, Plaintiff's counsel moved for leave to withdraw from representation, stating that Plaintiff had not meaningfully responded to any of counsel's attempt to discuss this case since June 8, 2023. [Doc. 30, at 1].

## II. LEGAL STANDARD

Rule 41(b) gives this Court the authority to *sua sponte* dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sue sponte* order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

## III. ANALYSIS

All four factors, when considered together, weigh in favor of dismissal. Plaintiff was placed on notice that failure to initiate arbitration would result in the dismissal of his action. The Court can only conclude that his failure to timely comply with a Court order was due to willfulness or fault attributable to Plaintiff. The Court further notes that Plaintiff's dilatory behavior required

Defendant Regions to attempt to chase him down to determine whether he planned to comply with the Court's order to arbitrate. With respect to the third factor, Plaintiff was explicitly warned that failure to initiate arbitration by August 28, 2023, would result in the dismissal of his case. Finally, with respect to the last factor, alternative sanctions are not warranted here. Plaintiff was first ordered to initiate arbitration in February 2023, over six months ago. [Doc. 24]. He was reminded of the Court's first order to arbitrate on June 1, 2023, and shortly thereafter his counsel represents that he went radio silent with respect to meaningfully participating in this litigation. [Doc. 28; Doc. 30, at 1]. It does not appear that Plaintiff intends to proceed with this case at all, much less comply with orders of the Court. Accordingly, on the balance of these factors, dismissal is warranted under Rule 41(b).

## IV. CONCLUSION

For the reasons stated above, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). An appropriate judgment will enter.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
